## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BestBay Logistics, Inc., | Case No. 23-cv-659 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| US Trade, LLC, *d/b/a* *US Trade Logistics*, | |
| Defendant. | |

Abby Riffee-Neri and Marc Blubaugh, Benesch Friedlander Coplan & Aronoff, 41 South High Street, Suite 2600, Columbus, OH 43215; and Michael Clark Glover, DeWitt LLP, 901 Marquette Avenue, Suite 2100, Minneapolis, MN 55402 (for Plaintiff); and

Jeremy Paul Knutson, Knutson Law Office, 105 Hardman Court, Suite 110, South St. Paul, MN 55075 (for Defendant).

This matter comes before the Court on Plaintiff BestBay Logistics, Inc.'s Motion for Summary Judgment, ECF No. 28. A hearing was held. *See generally* ECF No. 46. Also before the Court is Plaintiff's Motion to Compel, ECF No. 33, which was taken under advisement on the papers. *See generally* ECF No. 45.

## I. BACKGROUND

Plaintiff and Defendant US Trade, LLC, are companies engaged in the logistics industry, including freight-related services. Compl. ¶¶ 3, 5, ECF No. 1; Answer ¶ 3, ECF No. 8. Plaintiff alleges that the parties had an agreement with respect to certain freight brokerage services and Defendant has failed to pay Plaintiff in connection with those services. *See generally* Compl.

1

Plaintiff subsequently propounded discovery requests on Defendant, including interrogatories, document requests, and requests for admissions. *See generally* Ex. B to Affidavit of Abigail R. Riffee, ECF No. 31-3; *see also infra* Section III.A. As of the hearing on Plaintiff's motion for summary judgment, which took place approximately four months after the discovery had been served, Defendant still had not responded.[1]

Plaintiff moves for summary judgment on its claim for breach of contract.[2] If the Court does not grant summary judgment, Plaintiff moves to compel certain discovery from Defendant and for an award of fees and costs.

## II. MOTION FOR SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *accord Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for

---

[1] This appears to be consistent with how Defendant has approached this litigation. Defendant did not respond to Plaintiff's attempts to meet and confer in order to prepare the parties' Rule 26(f) report. ECF No. 15 at 1. Defendant needed additional coaxing with respect to making arrangements for and submitting its confidential letter in connection with the settlement conference held by Magistrate Judge Dulce J. Foster. ECF Nos. 26, 38. Defendant also did not respond to Plaintiff's motion to compel. As discussed more fully herein, the Court is giving Defendant one more opportunity to participate meaningfully in this litigation.

[2] Plaintiff has also brought a claim for unjust enrichment in the alternative.

trial." *Gannon Int'l*, 684 F.3d at 792.

"To establish a genuine issue of material fact, . . . [the non-moving party] may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his favor." *Turner v. Mull*, 784 F.3d 485, 489 (8th Cir. 2015) (quotation omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." (quotation omitted)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Thus, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted); *see Anderson*, 477 U.S. at 248-49; *see also, e.g., Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011).

On a motion for summary judgment, courts "view the record most favorably to the nonmoving party and draw all reasonable inferences in that party's favor." *Johnson v. Safeco Ins. Co. of Illinois*, 983 F.3d 323, 329 (8th Cir. 2020); *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). Thus, "[a]s the non-moving party, [Defendant] is entitled to all

reasonable inferences—those that can be drawn from the evidence without resort to speculation." *Turner v. XTO Energy, Inc.*, 989 F.3d 625, 627 (8th Cir. 2021) (quotation omitted). "Where the moving party fails to satisfy its burden to show initially the absence of a genuine issue concerning any material fact, summary judgment must be denied even if no opposing evidentiary matter is presented." *Foster v. Johns-Manville Sales Corp.*, 787 F.2d 390, 393 (8th Cir. 1986).

### A.  Effect of Unanswered Requests for Admissions

There is no dispute that Defendant did not respond to Plaintiff's requests for admissions and, during the hearing, Defendant indicated it was not moving for relief with respect to those admissions.  It is Plaintiff's position that it is entitled to summary judgment by virtue of those requests for admissions being deemed admitted due to Defendant's failure to respond.  Under Rule 36 of the Federal Rules of Civil Procedure, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).  "A matter admitted under [Rule 36] is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added); *see, e.g.*, *Luick v. Graybar Elec. Co.*, 473 F.2d 1360, 1362 (8th Cir. 1973) ("Unanswered requests for admissions render the matter conclusively established for the purpose of that suit.").  "[W]hen a party has made no filing that could be construed as a motion to withdraw or amend an admission, the court is required to give the admission conclusive effect." *Stine Seed Co. v. A & W Agribusiness, LLC*, 862 F.3d 1094, 1102 (8th Cir. 2017);

*accord Peterson v. Experian Info. Solutions*, 44 F.4th 1124, 1128 (8th Cir. 2022). Defendant has made no indication, let alone any filing, that could be construed as a motion to withdraw or amend its unanswered admissions under Rule 36(b). *See Peterson*, 44 F.4th at 1128; *Stine Seed Co.*, 862 F.3d at 1102-03; *Quasius v. Schwan Food Co.*, 596 F.3d 947, 952 (8th Cir. 2010). Accordingly, the requests for admissions Plaintiff served on Defendant are deemed admitted under Rule 36(a)(3).

Summary judgment may be granted "based on admitted matter." *Luick*, 473 F.2d at 1362; *see Quasius*, 596 F.3d at 950-51 ("If facts that are admitted under Rule 36 are dispositive of the case, then it is proper for the district court to grant summary judgment." (quotation omitted)); *see also, e.g.*, *Kaliannan v. Liang*, 2 F.4th 727, 736-37 (8th Cir. 2021). Notwithstanding the fact that the requests for admissions have been deemed admitted, Plaintiff must still show that that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *cf. Kaliannan*, 2 F.4th at 736.

### B. Contract Claim

"A contract consists of a binding promise or set of promises." *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014) (footnote omitted). "A breach of contract is a failure, without legal excuse, to perform any promise that forms the whole or part of the contract." *Id.* A breach-of-contract claim "requires . . . that the promise at issue be part of the parties' bargain." *Id.*

"A successful breach-of-contract claim under Minnesota law has four elements: (1) formation of a contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages." *Gen. Mills Operations,*

*LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1107 (8th Cir. 2013) (quotation omitted); *see Lyon Fin. Servs.*, 848 N.W.2d at 543; *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 & n.5 (Minn. 2011); *see also Untiedt's Vegetable Farm, Inc. v. Southern Impact, LLC*, 493 F. Supp. 3d 764, 770 & n.11 (D. Minn. 2020). "The appropriate measure for breach-of-contract damages is the amount that will place the nonbreaching party in the same position he would be in had the contract been performed." *Kellogg v. Woods*, 720 N.W.2d 845, 853 (Minn. Ct. App. 2006); *see also, e.g.*, *Feed Mgmt. Sys., Inc. v. Comco Sys., Inc.*, 823 F.3d 488, 496 (8th Cir. 2016); *In re RFC & RESCAP Liquidating Tr. Action*, 332 F. Supp. 3d 1101, 1191 (D. Minn. 2018). Thus, it is "those damages flowing from the alleged breach." *McGuire v. State Farm Fire & Cas. Co.*, 108 F. Supp. 3d 680, 687 (D. Minn. 2015).

As to formation, the parties agree that the e-mails attached to the Complaint contain the terms of their agreement (the "Agreement"). Pl. Mem. in Supp., ECF No. 30 at 2; Def. Mem. in Opp'n, ECF No. 41 at 1-2; *see generally* ECF No. 1-1. Further, by virtue of the requests for admissions being deemed admitted, Defendant has admitted that it agreed to Plaintiff's prices for freight-brokerage services as set forth in the Agreement. ECF No. 31-3 at 17 ("Admit that Defendant agreed to [Plaintiff's] prices for [Plaintiff's] freight brokerage [s]ervices, as [Plaintiff] alleges in Paragraph 13 of the Complaint."). The Agreement includes agreed-upon rates for "Linehaul Including FSC"[3]; "Prepull"; "Chassis Rent"; "Storage"; "Detention"; and "Chassis Split." ECF No. 1-1 at 1-2.

As to satisfactory performance by Plaintiff, again by virtue of the requests for

---

[3] The meaning of the FSC abbreviation is not clear from the record.

admissions being deemed admitted, Defendant has admitted that Plaintiff "fully and satisfactorily performed all of its obligations under the Agreement."  ECF No. 31-3 at 18; *see Kaliannan*, 2 F.4th at 736-37.

With respect to breach by Defendant, here too by virtue of the requests for admissions being deemed admitted, Defendant has admitted that Plaintiff issued invoices to Defendant and Defendant failed to pay those invoices.  ECF No. 31-3 at 18; *see Kaliannan*, 2 F.4th at 736-37.

All of this would appear fairly straightforward.  But, each of the invoices Plaintiff contends remain unpaid pursuant to the terms of the parties' Agreement—and for which it seeks summary judgment—contain either unspecified charges or charges that are not reflected in the Agreement.  The Court addresses each in turn.

**Invoice 39013.**  Beginning first with Invoice 39013, this invoice contains charges for linehaul and FSC, chassis rent,[4] chassis split, and storage consistent with the terms of the Agreement.  ECF No. 1-2 at 14.  It also, however, contains an unspecified charge of $125.  ECF No. 1-2 at 14.

In its opposition, Defendant acknowledges that "it has not paid for the services referenced" in this invoice.  Def. Mem. in Opp'n, ECF No. 41 at 2.  Defendant "asserts that Plaintiff failed to provide the requested documentation to confirm completion of the services and cause payment to be made," referencing the declaration of its president.  Def. Mem. in Opp'n, ECF No. 41 at 2; *see generally* ECF No. 42.  But, Defendant was

---

[4] While the rate provided in the "Notes" column for the chassis rent is incorrect ($85 per day instead of the agreed-upon rate of $35 per day), the actual charge uses the correct rate of $35 per day.  ECF No. 1-2 at 14.

previously asked to admit that it had "no effective affirmative defenses to nonpayment of the [i]nvoices." ECF No. 31-3 at 18. Having failed to respond, this request for admission was deemed admitted, i.e., Defendant has admitted that it had no affirmative defense to nonpayment. "An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court . . . ." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991); *see, e.g.*, *In re Marsh*, Adv. No. 18-04198, 2021 WL 373251, at *4 (Bankr. D. Minn. Jan. 25, 2021).

At the same time, Plaintiff has not shown that the unspecified charge was part of the Agreement and thus part of the parties' bargain. *See Lyon Fin. Servs.*, 848 N.W.2d at 543. Accordingly, with respect to Invoice 39013, Plaintiff's motion is granted as to the $2,340 in charges reflected in the Agreement and denied as to the unspecified $125.

**Invoice 41244**. Invoice 41244 includes charges for line haul and FSC, chassis split, storage, and prepull consistent with the terms of the Agreement. ECF No. 1-2 at 12. In addition to these charges, however, Invoice 41244 also contains chassis-rent charges in excess of the $35 rate in the Agreement and an "overweight" charge not mentioned in the Agreement. ECF No. 1-2 at 12. Defendant has asserted the same defense to Invoice 41244 as it did to Invoice 39013. *See* Def. Mem. in Opp'n, ECF No. 41 at 2. But, as stated above, Defendant has admitted that it has no affirmative defense to non-payment. Accordingly, Plaintiff's motion is similarly granted as to the $2,465 in charges contained in Invoice 41244 that are reflected in the Agreement and denied as to the excess chassis-rent and unmentioned overweight charges, collectively totaling $3,650.

**Invoices 41246, 41243, and 41245.** These three invoices contain similar charges

to Invoice 41244.  Each of these invoices includes charges for line haul and FSC, chassis split, storage, and prepull consistent with the terms of the Agreement.  ECF No. 1-2 at 6, 8, 10.  Each of them also includes chassis rent in excess of the agreed-upon rate and the unmentioned overweight charge.  ECF No. 1-2 at 6, 8, 10.

With respect to these invoices, Defendant "denies that it failed to pay [them]," citing to its Answer and the declaration of its president.  Def. Mem. in Opp'n, ECF No. 41 at 2.    First, as Defendant's Answer is unsworn, it is "not evidence" that can be considered when ruling on a motion for summary judgment.  *Kaliannan*, 2 F.4th at 736; *cf. Anderson*, 477 U.S. at 248.  Second, as noted above, Defendant's failure to pay has been deemed admitted and the contrary declaration of its president cannot rebut that admission.  *See Am. Auto. Ass'n*, 930 F.2d at 1120; *In re Marsh*, 2021 WL 373251, at *4.

Plaintiff's motion is therefore likewise granted in part and denied in part with respect to Invoices 41246, 41243, and 41245.  Plaintiff's motion is granted as to the charges contained in these invoices that are reflected in the Agreement—namely, $3,095 for Invoice 41246, $2,605 for Invoice 41243, and $3,130 for Invoice 41245.  Plaintiff's motion is denied as to the excess chassis-rent and overweight charges—namely, $5,180 for Invoice 41246, $3,990 for Invoice 41243, and $5,265 for Invoice 41245.

**Invoice 44017.**  Invoice 44017 contains charges for line haul and FSC, chassis split, prepull, and storage consistent with the terms of the Agreement.  ECF No. 1-2 at 4.  It too, however, includes chassis rent in excess of the agreed-upon rate and the unmentioned overweight charge.  ECF No. 1-2 at 4.  Further, Invoice 44017 includes a "dry run" charge not mentioned in the Agreement and an unspecified charge totaling

9

$187.50.  ECF No. 1-2 at 4.

With respect to this invoice, Defendant contends that these services were not completed, citing the declaration of its president.  Again, as noted above, it has been deemed admitted that Plaintiff fully and satisfactorily performed its obligations under the Agreement and the contrary declaration cannot rebut that admission.  *See Am. Auto. Ass'n*, 930 F.2d at 1120; *In re Marsh*, 2021 WL 373251, at *4.

Therefore, Plaintiff's motion is also granted as to the $2,815 in charges contained in Invoice 44017 that are reflected in the Agreement and denied as to the remaining $5,587.50, consisting of the excess chassis-rent charge; the unmentioned overweight and dry-run charges; and the unspecified $187.50 charge.

**Invoices 61372 and 73200.**  These two invoices consist entirely of "Perdiem" charges.  *See* ECF No. 1-2 at 1, 3.  In Invoice 61372, the perdiem charge also includes a "10% Convenience Fee."  ECF No. 1-2 at 3.  As Defendant points out, perdiem is not contained in the Agreement.  Def. Mem. in Opp'n, ECF No. 41 at 2, 4.  Nor is the convenience fee mentioned.  At the hearing, Plaintiff argued that perdiem is a term used in the transportation industry; the parties did communicate about it; and there were e-mails reflecting that communication.  That may be.  But, based on the record before the Court, Plaintiff has not shown that the perdiem charges were "part of the parties' bargain."  *Lyon Fin. Servs.*, 848 N.W.2d at 543.  Accordingly, Plaintiff's motion is denied as to these two invoices, collectively totaling $57,856.

In sum, there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law on its contract claim for those invoiced charges reflected in

the parties' Agreement.   Accordingly, Plaintiff's motion is granted in part as to the charges for line haul and FSC, chassis rent at the $35 rate, chassis split, prepull, and storage charges contained in the invoices for a total of $16,450.  *See, e.g.*, *Kellogg*, 720 N.W.2d at 853.   The excess chassis-rent, overweight, dry-run, perdiem, and other unspecified charges, however, are not in the Agreement and, based on the record before the Court, Plaintiff has not shown that they were "part of the parties' bargain." *Lyon Fin. Servs.*, 848 N.W.2d at 543.   As Plaintiff has not shown that these charges were encompassed within the terms of the Agreement, summary judgment is inappropriate. *See Donnay v. Boulware*, 144 N.W.2d 711, 716 (Minn. 1966) ("It is generally recognized that summary judgment is not appropriate where the terms of a contract are at issue and any of its provisions are ambiguous or uncertain.").  Plaintiff's motion is thus denied in part as to the excess chassis-rent, overweight, dry-run, perdiem, and other unspecified charges contained in the invoices for a total of $81,653.50.  Plaintiff's motion is further denied as to the requested pre- and post-judgment interest as well as costs as such relief is premature at this time.

### III. MOTION TO COMPEL

In the event the Court does not grant Plaintiff's motion for summary judgment in its entirety, Plaintiff moves to compel Defendant to respond to the unanswered requests for production and interrogatories and to sit for a deposition.  Plaintiff also requests its fees and costs for the preparation of this motion.  Defendant did not respond.

#### A.  Outstanding Discovery

At the end of July 2023, Plaintiff propounded discovery requests on Defendant,

including requests for production of documents and interrogatories.  Affidavit of Abigail R. Riffee, ECF No. 35 at 2 [hereinafter "Riffee Aff. II"]; *see generally* ECF No. 35-2. Defendant confirmed receipt the same day.  Riffee Aff. II, ECF No. 35 at 3.

Under the Federal Rules of Civil Procedure, responses to these discovery requests were due within 30 days.  Fed. R. Civ. P. 33(b)(2) (interrogatories), 34(b)(2)(A) (requests for production).  Defendant failed to respond.  Riffee Aff. II, ECF No. 35 at 3.

At the end of August, Plaintiff followed up with Defendant regarding the overdue responses.  Riffee Aff. II, ECF No. 35 at 3.  Defendant stated that it "was still gathering information" and "would respond soon."  Riffee Aff. II, ECF No. 35 at 3.

Approximately two months later, Defendant still had not responded to the discovery requests.  Riffee Aff. II, ECF No. 35 at 3.  Defendant indicated that it "was still trying to collect documents."  Riffee Aff. II, ECF No. 35 at 3.

### B. Discovery Ordered & Limited Modifications to Pretrial Scheduling Order

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order compelling discovery.  The Court has broad discretion in handling pretrial procedure and discovery.  *See, e.g.*, *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 353 (8th Cir. 2020) ("A district court has very wide discretion in handling pretrial discovery . . . ." (quotation omitted)); *Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("Further, magistrate judges 'are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" (internal quotation marks omitted) (quoting *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB),

2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013)).

Plaintiff's motion is granted as to the requested discovery. Based on the record before the Court, Defendant has utterly failed to respond to Plaintiff's interrogatories and requests for production of documents. If Defendant needed more time to respond, then Defendant should have communicated that to Plaintiff and tried to reach an agreement on an extension. Failing that, Defendant could have sought relief from the Court. Instead, Defendant did neither. As noted above, *see supra* n.1, this appears to be consistent with how Defendant has generally approached this litigation.

The Court is giving Defendant one more opportunity.[5] On or before **July 1, 2024**, Defendant shall provide full and complete responses to Plaintiff's interrogatories and requests for production of documents. To be clear, that includes the actual production of all responsive, non-privileged documents in Defendant's possession, custody, or control. Defendant is expressly cautioned that it may be subject to sanctions for failing to comply with this Order. *See, e.g.*, Fed. R. Civ. P. 37(b)(2); *Cincinnati Ins. Co. v. Jacob Rieger & Co., LLC*, 58 F.4th 386, 392 (8th Cir. 2023) ("Rule 37(b) authorizes sanctions for failure to comply with discovery orders." (quotation omitted)). Indeed, Defendant is specifically warned that sanctions for non-compliance could well include entry of default judgment for all remaining amounts sought by Plaintiff in the invoices given Defendant's dilatory tactics that minimize its costs in time and money and increase the time and cost of litigation for Plaintiff. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(vi); *Everyday Learning*

---

[5] Indeed, Defendant should bear in mind that Plaintiff could have moved for sanctions under Rule 37(d)(1)(A)(ii), which allows for the imposition of sanctions if "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response."

*Corp. v. Larson*, 242 F.3d 815, 816-18 (8th Cir. 2001); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009-10 (8th Cir. 1993).

The Court also finds good cause to permit Plaintiff to take Defendant's deposition after the deadline for fact discovery given Defendant's total failure to provide the requested discovery during that period.  *See* Fed. R. Civ. P. 16(b)(4).  Accordingly, the fact discovery deadline is extended to **July 31, 2024**, solely for the purposes of taking Defendant's deposition.  Defendant is similarly cautioned that it may be subject to sanctions for failing to attend its deposition, including but not limited to entry of default judgment.  *See* Fed. R. Civ. P. 37(d)(1)(A)(i); *see also* Fed. R. Civ. P. 37(d)(3) (noting availability of default judgment by way of reference to Fed. R. Civ. P. 37(b)(2)(A)(vi)); *Everyday Learning Corp.*, 242 F.3d at 818 (sanctionable conduct included failure to produce defendant for deposition); *Comiskey*, 989 F.2d at 1009-10 (sanctionable conducted included failure to produce corporate designee for deposition).

The Court similarly finds good cause for a limited extension of the non-dispositive motion deadline solely as to motions that relate to the discovery ordered herein—namely, the interrogatories and requests for production of documents previously propounded by Plaintiff and the taking of Defendant's deposition.  Any non-dispositive motions related to this discovery shall be filed on or before **July 31, 2024**.

On or shortly before **September 6, 2024**, counsel for each party shall submit CONFIDENTIAL letters to the Court setting forth with reasonable specificity the status of the case; the relative strengths and weaknesses of each party's position; an update of efforts toward settlement; the last settlement positions of the parties; whether a settlement

conference with a private mediator or the Court would be productive; and a litigation budget. Each letter shall not exceed three pages. On or shortly before the date each such letter is due, counsel for the parties shall meet and confer to discuss the status of the case and discuss settlement.

This case shall be trial ready as of **October 28, 2024**.

**C.   Fees**

When a motion to compel is granted, Rule 37 provides that the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such expenses should not be ordered, however, if "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

Defendant did not respond to Plaintiff's motion to compel. Defendant has not offered any justification to the Court for its failure to respond to the propounded discovery, let alone substantial justification. Defendant has not even argued that expenses should not be awarded here.

Accordingly, Defendant shall bear the reasonable expenses, including attorney fees, incurred by Plaintiff in bringing this motion to compel. Such expenses shall be set forth by the Plaintiff in an affidavit of counsel filed no later than **June 14, 2024**. Defendant may respond to the requested amounts no later than **June 21, 2024**.

# IV. ORDER

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, ECF No. 28, is **GRANTED IN PART** and **DENIED IN PART**.

   a. Plaintiff's motion is granted as to the line haul and FSC, $35-chassis-rent, chassis-split, prepull, and storage charges contained in the invoices for a total of $16,450, namely:

      i. $2,340 in Invoice 39013;
      ii. $2,465 in Invoice 41244;
      iii. $3,095 in Invoice 41246;
      iv. $2,605 in Invoice 41243;
      v. $3,130 in Invoice 41245; and
      vi. $2,815 in Invoice 44017.

   b. Plaintiff's motion is denied as to the excess chassis-rent, overweight, dry-run, perdiem, and other unspecified charges contained in the invoices for a total of $81,653.50, namely:

      i. $125 in Invoice 39013;
      ii. $3,650 in Invoice 41244;
      iii. $5,180 in Invoice 41246;
      iv. $3,990 in Invoice 41243;
      v. $5,265 in Invoice 41245;
      vi. $5,587.50 in Invoice 44017;
      vii. $137.50 in Invoice 61372; and
      viii. $57,718.50 in Invoice 73200.

   c. Plaintiff's request for pre- and post-judgment interest as well as costs is denied as premature.

2. Plaintiff's Motion to Compel, ECF No. 33, is **GRANTED**.

   a. On or before **July 1, 2024**, Defendant shall provide full and complete responses to Plaintiff's interrogatories and requests for production of documents.

   b. The fact discovery deadline is extended to **July 31, 2024**, solely for the

16

purposes of taking Defendant's deposition.

   c. Any non-dispositive motions related to this discovery shall be filed on or before **July 31, 2024**.

   d. On or shortly before **September 6, 2024**, counsel for each party shall submit CONFIDENTIAL letters to the Court setting forth with reasonable specificity the status of the case; the relative strengths and weaknesses of each party's position; an update of efforts toward settlement; the last settlement positions of the parties; whether a settlement conference with a private mediator or the Court would be productive; and a litigation budget. Each letter shall not exceed three pages. On or shortly before the date each such letter is due, counsel for the parties shall meet and confer to discuss the status of the case and discuss settlement.

   e. This case shall be trial ready as of **October 28, 2024**.

   f. On or before **June 14, 2024**, Plaintiff shall file an affidavit of counsel, setting forth the reasonable expenses, including attorney fees, incurred by Plaintiff in bringing the motion to compel.

   g. On or before **June 21, 2024**, Defendant may file a response to the amounts requested by Plaintiff.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of

[Continued on next page.]

pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: May___30___, 2024                    _____*s/ Tony N. Leung*_____
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *BestBay Logistics, Inc. v. US Trade, LLC*
                                            Case No. 23-cv-659 (TNL)